Mr. Wood, along with his trial counsel, Ms. Catherine Shea, Ms. Cindy Bembry, and I ask this court to reverse the District Court's 4248 commitment to termination. There are two grounds for this request. First is the fact that the categorical prescription on any type of communications with the respondent-selected examiner contradicts due process and is contrary to 4247. Mr. Wood could have appointed a non-testifying expert to assist his counsel and him with preparation of that defense. Why didn't he appoint that non-testifying expert? Mr. Wood He could have, but the point of our contention is that the government always has one person, the BOP expert, who has access to the respondent. Mr. Clay I understand that, and that was the psychiatrist, I take it, from F.C.I. Butner? Mr. Wood Yes, Your Honor. Mr. Clay Well, this goes directly back to my question again. Why didn't he appoint a non-testifying expert to consult with him and his attorney in preparation of his defense? Mr. Wood First of all, I don't know that he, in fact, did not. There's nothing in the record to indicate that they did consult with a non-testifying expert. Why they did not request the court for one, I think the point was that they wanted Dr. Sala, who was going to be able to testify, who was going to be one that they could consult with so that they could adequately prepare, not only so that Dr. Sala could effectively present his opinion and effectively- Mr. Clay But they could consult with him, couldn't they? Mr. Wood They could not. They were barred by the standing order, which- Mr. Clay You're sure about that? Mr. Wood Yes, Your Honor. They were barred- Mr. Clay Both sides were. Mr. Wood Yes, Your Honor. Mr. Clay No. Mr. Wood There's a categorical bar- there was an ex parte consultation that was barred. Mr. Clay Yes, Your Honor. That's correct. Mr. Wood So that wasn't my question. I said they could consult with him. Mr. Clay Well, they could. The only thing they were allowed to do was have a deposition at which government counsel was present. Mr. Wood All right. In your argument, the ex parte consultant consult consultation or communication is not allowed. Isn't that your argument? Mr. Clay That's the standing order's categorical Mr. Wood Is that your argument, though? You don't argue you can't talk to him. You could talk to the witness in a deposition or in the presence of the government lawyer, couldn't you? Mr. Clay Yes. Mr. Wood So your argument isn't that you could not consult with him. Your argument is you cannot consult with him ex parte. Mr. Clay That's right. Well, that's part of the argument. Mr. Wood What else is the argument? Mr. Clay The argument is that currently the categorical bar on ex parte communication with the respondent selected examiner creates a skewed playing field in every case. Mr. Wood That's the result of your argument about the rule, though. You're surprised by my question. I thought your argument is the prohibition on an ex parte communication with that person. Isn't that your argument? That puts you at a disadvantage, the lack of ex parte communication. Mr. Clay Well, that's part of it. The other part of it is the fact that in every 4248 case, because the BOP expert is not subject to any of the limitations on the standing order, the government has one person that can do all three. Mr. Wood Are you entitled on the due process, are you entitled to the appointment of a person, a testifying witness that you can consult with? Are you entitled to that? Mr. Clay In a 4248 arena, we would say yes, Your Honor, for the reasons stated in our brief because of what is at stake. Mr. Wood Under the Constitution, I ask. Mr. Clay Yes, Your Honor. Mr. Wood Not under the rule, under the Constitution. Are you entitled to the appointment of a witness that you can consult with? Mr. Clay Yes, Your Honor. And that's the as it's played out in the Eastern District of North Carolina, which is where all of the 4248 commitments and determinations are made at this point. The standing order, which basically puts aside previous practice under the rules of civil procedure and imposes this categorical bar on any type of ex parte communications with someone who can examine the respondent and testify at court. The standing order... Ms. Morgan Or applies equally to you and to the government, correct? Mr. Clay To the extent they want to talk with the respondent selected or the court selected examiner, it does not... Ms. Morgan And that's what we're talking about. Mr. Clay Well, what creates the skewed playing field is the fact that the BOP expert can always do all three. And as the government concedes in their brief, the BOP expert is not subject to the ban on ex parte communications with either the court appointed or that creates a skewed playing field for many reasons. And that's why it's not solely the limitation on ex parte communications. We would say that's contrary to practice, at least in the Eastern District. Anecdotal evidence from Mr. Dubois on down, everybody that's done 42-46 practice in the Eastern District, which 18 U.S.C. 42-47 applies to both 46 and 48. Everybody on both sides was always free to pick up the phone, call the BOP expert, whomever, just to ask questions, to probe things. The standing order changes that. And my question is... Mr. Clay I don't want to harp on this, and I don't want you to concentrate on it, but the playing field would have been leveled had he appointed a non-testifying expert. Mr. Dubois It would not for that reason alone, Your Honor, because it's non-testifying. And the standing order, which applied up until the amended one, which was just filed on the 21st, you had three different people. You had your deposition or at trial. You had a non-testifying expert who could not testify in front of the district court judge. Mr. Clay But that non-testifying expert could consult with the attorneys and help prepare the case. Mr. Dubois It could, Your Honor, but for purposes of the commitment hearing, you want somebody on the stand that's testifying that the judge is going to rely upon to make a determination. For instance, in this particular case, consultation with Dr. Sala could have helped... Mr. Clay In the real world, why is it important for the defense counsel to talk to the testifying independent expert, ex parte? Why is that critical? You can talk to him or her, but why is it critical for the defense lawyer to be able to talk to that testifying witness, ex parte? Mr. Dubois Well, I would ask the same question of... Mr. Clay You have to answer that first, though. Mr. Dubois Why is it critical? Because this system, Your Honor, and the Supreme Court has said... Mr. Clay I know it's an adversarial system, but in the real world, why is it that you talking to them in the presence of the government won't suffice? Tell me why that's so. Mr. Dubois Because the decision at issue, which is a district court's determination of whether a particular diagnosis and whether a indefinite commitment... Mr. Clay I know all that, but why is it critical? Why is it that a defense lawyer wants to ask, talk about, what is it that can't be done except ex parte is what I'm asking? Mr. Clay Because that's the way we litigate things in the civil arena. And if this is a civil arena, which we contest it's not, but if it is, the same way any other civil litigant would prepare his or her case is the way it should be done here. And part of that... Ms. Brown That's through deposition. Beforehand, this examiner was to be a neutral examiner for the court. Mr. Clay Well, we would say that under the statute 4247, it's a respondent selected examiner. And as Judge Gertner from a district of Massachusetts said, the designation of a respondent selected examiner under 4247 strongly implies that that then the court appointed examiner. So we would say that the statute itself would not necessarily support saying it's the court's expert. Mr. Brown If you don't have... Just go with me on this first part of this question. If you don't have a constitutional right to an appointment of such a testifying witness that you can ex parte, if you don't have a right to it, such a witness, constitutional right, then how is this a due process violation? Mr. Clay Well, I mean, the constitutional right comes from the application of procedural due process to the way in which 4248... Mr. Brown I know, but if you don't have, do you think procedural due process under the Constitution guarantees the right of such appointment of a witness to help you in this case? Mr. Clay Yes, Your Honor. Given the fact, once again, given the fact in the 4248 commitments hearing in the Eastern District, given the categorical bar, that doesn't apply to 46... Mr. Brown No, but then I want to go to what the rule does in light of the constitutional requirement. I said if there, first, my first question is, do you think there's just a, forget the procedure, forget the rule about appointment, the appointment, standing order, anything about appointment of experts. If there was no such rule, do you think the Constitution guarantees your client under due process the appointment of an examiner to testify for him? Mr. Clay Yes, Your Honor. Mr. Brown Okay. If the Constitution doesn't, then you don't have a due process violation, do you? Mr. Clay Well, we don't have a due process. We would say under the rules of civil procedure and under the statute. Mr. Brown Correct. Mr. Brown The fact that the... Mr. Brown By the way, let me take you back to Judge Thacker's question. In answering her question, your response was that this witness really isn't neutral? That's what you suggested some judge somewhere said. Mr. Brown No, by neutral, I mean, first of all... Mr. Brown Her question was, I'm going to paraphrase if you allow me. This is supposed to be a neutral examiner appointed by the court, and she also suggested, and you can talk to that person in deposition. So what's wrong with that? Your answer was, this person, I took it was, maybe I misunderstood you, that some judge in Massachusetts has said this witness really isn't neutral. Wasn't that your answer? Mr. Brown No, I mean, to correctly cite Judge Gertner, she says 4247 can be read to mean that there's... Mr. Brown Okay, well then, take that back from your answer. Now answer Judge Thacker's question. This is appointed as a neutral witness. What's wrong with saying neither side, neither side may ex parte the neutral witness because I want everything done above board and in the open with my court witness. What's wrong with that? Mr. Brown Well, first of all, it can be a neutral witness in that it's an expert who's going to come up with his opinion based on his expertise. There's nothing a lawyer is going to say to that person that's going to change that. But once the opinion is issued, and it's favorable to the respondent, we would say that the fact that it's a respondent selected, you know, it's the acknowledgement that yes, the respondent is the one that's facing this determination, which stigmatizes and puts them in prison-like conditions for the rest of his life. That person needs someone to help the prepare, to have a meaningful opportunity to prepare for and present his case against... Mr. Brown I know that, but that's Judge Hamilton's question. You have, you can get a witness. Not a witness, but you get an expert that you can use to prepare. That addresses that. Then you still have an answer to Judge Thacker's question. What's wrong with the court having a neutral witness that the court wants to hear from so the court, in the real world, people can find experts to say a lot of things, and the court finds someone the court appoints to help the court and says to both sides, I don't, basically, look, I don't want either one of you trying to influence this person at all. I want to know what this person wants to say. You can both talk to them together, but no private conversations with them. Go get your own expert to help you if you want to, but this is somebody that's neutral, and I want to help me. What, what is wrong with that? Well, first of all, I know, by the way, I understand completely, you may not like it, but what's wrong with that? Well, it's contrary to the way we litigate cases in this country and the rules of civil procedure, and secondly... Your client? The respondent selected? Yeah. Did we object to that? No, we, we asked the court for the opportunity to consult with that person prior to that person testifying. I understand, but under section 4247B, the district court designates an examiner chosen by the respondent. Yes, your honor. So, apparently, if I understand that correctly, you didn't have any, or your client, or you didn't have any objections to the examiner that was appointed by the court to represent the respondent? No, we, we, we, in fact, we wanted to consult with that person before that person took the stand. I understand, but answer my question. We did not, we did not object. Did you object to the appointment of that expert? No, what we objected to was the refusal by the court to allow us to talk. All right, so I assume that you were satisfied with the expert that the court appointed for the respondent? Yes, your honor. What we're not satisfied was the, the ability to prepare with that person. Depending on the ex-parte communicator, I understand. I would also say the same question to the government, you know, if they're willing to say their BOP expert cannot testify in court, so it's, it is an equal playing, equal playing field, and we're not asking for, the only one for ex-parte communications. They can call up the respondent selected. They can call up the court appointed, but they must see a benefit to having a three-in-one expert. Well, let me ask you this much. Isn't that, that, that doesn't seem to me that that's a violation of due process. It seems to me that's a violation, not a violation, but the rules of economics. The government has resources. The government's going to appoint witnesses. The government's going to do that. And, and that's part of our- And, by the way, by the way, you can do it too. You can do it too. Well, in the age of sequestration, it's becoming more difficult for the federal defendants to do that, but- But there's no, there's no constitutional bar to you doing that. That is the component of our due process argument, judicial efficiency, and efficient use of resources. There's no constitutional bar to you appointing somebody- No. That you can call as a witness, and you can ex-parte him all you want to. But that person, under the standing order, could not examine our, our client. That's why the, the standing order made three separate people. A non-testifying consultant. Oh, wait a minute now. You, you think, did you say the standing order prohibits you from getting your own expert? It prohibits us from getting a three-in-one expert that can examine our client, that consult with us, and can, can testify at court. Now, the standing order- You pay for yourself, you can't have that? Yes. Well, that's why I submitted- No, I'm just asking you that question. It appears- If your client has the money, does that rule bar what I'm talking about? No. That you have the money, you have the money, you hire your client. Your client hires an expert. That expert examines him. You, as a lawyer, can then ex-parte that expert. Are you saying that expert cannot testify? Under the old standing order, that's what the old standing order prohibited. Now, the amended standing order that came out on October 21st does allow that rule 26, three-in-one expert. But under the old standing order, Mr. Wood went through, it did not. You could not have had your own resources, not any, not any expert on the rules paid for by the government, paid for by yourself. You couldn't have such a testifying witness. Not that could do all three, once again, like the BOP expert can. And that was, that's sort of why it was a skewed playing field. I only have 26 seconds. I did want to basically say that the main reason for vacating this conviction- I don't know that you have 26 seconds. You may be over- Oh, I'm sorry. I'm sorry. I'm reading backwards. Sorry, Your Honor. But you have three minutes. Then I have 39 seconds less on the clock. Thank you for telling us. Okay. No, we'll give you three minutes when you come back up. Mr. James. Good morning again, Your Honor. My name is Michael James. I'm an assistant United States attorney and I represent the United States in this matter. Judges, let me first answer a couple of queries that you made to counsel. First, let me begin with you, Judge Shedd. You asked counsel initially- I'm sorry, Judge Hamilton. Judge Hamilton, you asked counsel initially if they had the opportunity to consult with a Rule 26 B4D expert. And they did. And counsel's response was- That would be the non-testifying expert. That is correct. They had that opportunity. Now, counsel stated he didn't know whether or not they, in fact, had done so. The record is not clear. If they had, in fact, done so, and they chose not to move the court to have that person A, examine Mr. Wood, and B, testify at trial, that was on them. So they could have done that. They could have done that. Is that what you're saying? They could have had someone that could do all three. They absolutely could have done that. If they had moved the court. Absolutely. And in fact- Assuming that was granted. Assuming that- And in the practice, and I've tried a number of these 42, 48 cases, and it would, in all likelihood, would have been granted. And that practice, as delineated in the new standing order, if I may just quote it here, it was filed as part of the supplemental- Quite frankly, I think the other side said their experience or practice or understanding of the old iteration of that rule. If I may quote from the amended standing order from the district court judge, who addresses that. It says, in addition to- What page are you on there? Your Honor, this was filed on the 28th. It's on the first page, second paragraph. It begins, in addition, the court is adding two sentences at the end of paragraph 5D. That's the section that we're talking about, the rule 26 type expert. Delineating the right, the respondent already enjoys understanding order 11-S04, to designate as testifying expert witnesses, examiners initially retained as non-testifying experts pursuant to federal rule procedure 26B4D, and to have substantive ex parte communication with such examiners. Then the court points out, it cites United States v. Coyle. And in the United States v. Coyle decision, in that case, the court, the standing order reiterates what was stated in the Coyle decision, that this is a right that both parties have with regard to rule 26 type experts. They can retain those experts. They can move the court to have those experts conduct- Retain them, you mean the government pays for them, or they retain them privately? Well, the, under the, we have in our, our thing- Which is it? I'm just asking you. Are you saying it's the court, I mean, it's the government paid for witness that can- I believe that would come out of, on the respondent side, out of CJA funds. Well, that would be government paid for, wouldn't it? Yes. Is there more than one government paying for this? I don't think so. Well, I think in, not to get into the weeds, Your Honor, but in the standing order, makes reference to the Gaucher, and that case talks about DOJ funds versus CJA funds. But my point, listen, I'm making a distinction. I'm making a distinction between something that the defendant would have to pay for, criminal defendant, would have to pay for himself. No, he would- Out of his pocket. He would not- That's the distinction. And I guarantee you this, you say you do this in the real world, I'll bet you that defendant doesn't much care if DOJ pays for it, Homeland Security pays for it, or CJA, they don't care. I mean, good reason that they just don't have to pay for it themselves. Yes, I understand. And that is correct, Your Honor. And so that was my first point. The second point that I want to emphasize is that appellate's counsel has referred to the BOP expert as a so-called three-in-one expert who can write interview, have access. And in this case, Dr. Koenig, who was the BOP expert, she never- Absent this rule, is there a constitutional requirement of the appointment of such a witness? No, Your Honor. And in fact, with regard to procedural due process, this was stated out in Baker, United States versus Baker at 843 and 844, his right for procedural due process, as also reiterated in Vitek versus Jones, a hearing, notice of that hearing, to be heard, to present documentary evidence, to call witnesses, to have an independent decision-maker, to have a reasoned decision, and to have an independent advisor, not even an attorney. And that's United States versus Baker laying out from Vitek versus Jones procedural due process. And that's procedural due process that he was absolutely entitled to, which he has, of course, not only under the Constitution, the statute and the standing order provides- Do you think whatever the standard, general standard of due process is, that it's lessened in this context? No, Your Honor. The conviction, is it lessened or not? So I'm just wondering in your mind. Well- The due process requirements aren't the same all the time at every proceeding, are they? No, I would not say that it does. But what I would state that with regard to Baker was a civil commitment proceeding. And that's why- I was just asking about the general rule. No- The general rule is that I think that less is required of due process at a hearing like this than just absolute due process. But is your argument, if no witness is required, then a witness but one you can't talk to and testify, even if their view is right, that can't possibly violate due process? I'm not- With some limitations on it being provided, can that be a violation of due process? No, Your Honor. That's not a violation of due process. And in fact, the other point I was going to make, Your Honor, is that Dr. Salem and Dr. Hoberman are court examiners. And that's the point I'm getting from the court here. These are court examiners. What the appellant seems to want to have is the ability to not only select an examiner, but to control and direct an examiner as if you're turning a court examiner into a Rule 26B4D consultant. And that's not the purpose of it. And in reviewing the recently submitted supplemental to the Joint Appendix, which cites the Coyle case, the court in Coyle makes a notation that Coyle is at 2013, Westlaw 5508358 at 3. I'm referencing now. It talks about the potential liability that a Rule 264B, excuse me, 264D expert has as opposed to a court examiner. A court examiner is the court's witness, whether it is the initial court examiner or Dr. Salem. I'm going to take you back to what you said earlier. You said under the operation of the old and I guess you pointed that language in the amended rule saying which respondent has always enjoyed. That's correct. That the third witness that could be appointed or provided to consult with ex parte communications with the respondent could testify. That's correct. They could. They could. They had an opportunity to have this person. But in this case, the record doesn't indicate that such a third expert was utilized and the court refused to let that person testify. That's correct. There's no evidence of that in this case. And to Judge Hamilton's query with regard to Dr. Salem, Dr. Salem was the court, a court examiner that was selected by the respondent. In fact, they moved for the appointment of Dr. Salem. And as Your Honor, Judge Shedd stated, they had an opportunity to consult with Dr. Salem. It just wasn't ex parte. That was part of what the magistrate judge ruled when they filed the initial motion seeking to clarify the examiner's role. But it obviously couldn't be by deposition. Oh, yes. Yes. Even apart from the Rule 26, if the purpose of this really is to just help you interrogatories, the deposition, you could have had Dr. Koenig's report. They could have deposed Dr. Koenig, found out the theories behind the basis for her opinions, formulated their questions that way. So, I mean, if the purpose of this is to, in fact, help you design your questions for your examination. Is there any bar in that rule to the government and the defense talking to that expert short of a deposition as long as they were both present? Well, under the rule, if they want to talk to the court examiner, they are going to have to move the court to allow that. It doesn't have to be a deposition, does it? No, it doesn't have to be a deposition. They could just say, Your Honor, we'd like to have a phone call just to go over a couple things with them, both sides make a joint motion. It doesn't have to be a deposition. That's correct. It could be that the opportunities are presented for each side to talk to that court expert, but it's just both sides have to be present when that's done. That is correct. It just bars the ex parte communication. And now, I believe that counsel also did make another argument with regard to the second argument, Judge. The district court did not abuse the discretion in allowing the conduct. The district court judge, well, first, they made a constitutional argument that was never raised before the district court judge to allow that district court judge to, in fact, rule on it. That argument, therefore, we would argue that that is waived. Second, all the witnesses, Dr. Saylor, the court appointed examiner that they selected, made extensive use of that same sort of evidence at 237 in the joint appendix. 243 talking about distinguishing about the uncharged crimes as well. In short, we believe the district court did not abuse discretion and we ask that you affirm the district court's order. Thank you. Okay, thank you very much. Mr. Todd, you get a full three minutes. I wish I had his tenure, your honor. Moving right to our argument that the district court improperly used inadmissible hearsay as substantive evidence and relied upon that inadmissible hearsay, treated it as substantive evidence, and used that to make his decision. I quote from the court's final determination when Ms. Shea says this entire case turns on whether or not the court credits the most recent allegations in 2003 and 2004 and how the court wants to apply the clear and convincing standard. That's from JA 299 to 300. The court's response, Ms. Shea has hit it right on the head that just about everything in my decision is going to turn on those other what you say are allegations and what the government says are proved and how far that goes towards meeting the clear and convincing standard. That was erroneous as a matter of law for the judge to use otherwise inadmissible hearsay. Regardless of whether it can provide basis evidence for an opinion, to take that, treat that as substantively true, as substantive evidence, and the entire decision, commitment decision, by the judge's own words hinged on that impermissible use. That we say is legal error, not just abuse of discretion. That requires a vacation of What page are you reading from when you read that? Page 301. Uh-huh. Well, in fact, uh, going to your hearsay argument, uh, I think it fails to acknowledge that Dr. Saleh, uh, the respondent's selected examiner also used the same hearsay information contained in a police report to conclude that Wood did not engage in repetitive acts of child molestation against a 10-year-old child but committed only a single act. And it's further weakened by the Argus Fragment, weakened by the PSR, which Woods did not object to or seek to qualify in any manner, and it contained much of the challenge statements that are, that you say are hearsay. If I may quickly, your honor, Dr. Saleh pointed out that it would be malpractice for him to rely upon that hearsay. That's why he cited that hearsay, because he as an expert could not reasonably rely on that. Well, was there any objection to the PSR? Yes, your honor. In fact, the supplemental J.A. that the government presented from the PSR back from Iowa, there's a whole list of defendant objections, and in there he denies the allegations. Your honor, we would, I have 20 seconds. The government has the burden. I would only suggest to you that the hearsay was admissible under Rule 702 and 703. It would be admissible to rely upon as basis evidence for the opinion. Neither the expert nor the court is permitted to treat it as substantive evidence. 702 only permits it as a basis, but you cannot treat it as factually true, and especially in this case, the court cannot do that. That's just basic violation of how you can and cannot use hearsay. The government had the burden. I see my time is up, your honor. Take, take, take 15 seconds. Your honor, Mr. Wood faced indefinite commitment in prison-like conditions, stigmatized for life based on this determination. The government had the burden to prove all three elements, not with a piece of paper, but with real competent evidence. They could have brought the accuser in, the accusers in, as they did in Burkhart, the case cited in Bartco. They could have brought the investigator in. They didn't, your honor, and the court therefore erred. We ask this court, your honor, to vacate the commitment order and remand solely on the existing record, limiting the judge's use of an admissible hearsay. Thank you. Thank you very much. We'll step down great counsel and go directly to the third argument.
judges: Dennis W. Shedd, Stephanie D. Thacker, Clyde H. Hamilton